**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3413
_____

DAVID L. SMITH,
                                        Appellant
v.

SWEDEN VALLEY, LLC; CHRISTOPHER BRENNEN;
FREDERICK P. MILLIRON; ALAN M. ACKER, POA;
UNKNOWN DEFENDANTS, A-Z
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-14-cv-01617)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2016
Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David L. Smith appeals from an order of the United States District Court for the Middle District of Pennsylvania, which, granted summary judgment for the Defendants. We will affirm the District Court's judgment.

Writing primarily for the parties, who are familiar with the record and proceedings in this case, we review only those facts that are especially pertinent to our analysis. Smith filed a complaint in the District Court asking for specific performance of a purported contract of sale for a hotel business and associated real and personal property. In the alternative, he asserted claims of damages against the Defendants[1] for fraudulent misrepresentation and fraudulent inducement. The assigned Magistrate Judge recommended granting the Defendants' motions for summary judgment.[2] After de novo review, the District Court adopted the Magistrate Judge's Report and Recommendation in full. Smith timely appealed.

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the order granting summary judgment de novo, using the same standard as the District Court.[3] See Pichler

---

[1] Smith named Sweden Valley, LLC, Christopher Brennen (its manager and sole member), Frederick P. Milliron (former owner of the real estate) and his agent Alan M. Acker, as Defendants.

[2] The Magistrate Judge also recommended denying the Defendants' motions for sanctions. The District Court adopted that recommendation, and the Defendants have not appealed that ruling.

[3] When, as here, the plaintiff fails to make objections to the Magistrate Judge's Report and Recommendation, we normally review the District Court's decision for plain error.

v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008).  Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party."  Roth v. Norfalco LLC, 651 F.3d 367, 373 (3d Cir. 2011) (internal quotation marks omitted).

We agree with the District Court that the Defendants were entitled to summary judgment.  Smith argues that the facts are in dispute, but he has not referenced any *material* facts that might entitle him to relief on the merits.

First, Smith has not produced any written agreement for sale of the property, which is a prerequisite for specific performance of an agreement to sell real estate under Pennsylvania law. See 33 P.S. § 1.  Smith's argument that no written agreement was necessary because the transaction was governed by "bulk sales" laws is frivolous.  Smith has not provided any legal support for that claim.

---

See Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011).  However, because the Report and Recommendation and attached Notice did not inform Smith that failure to object could result in waiver of appellate review, and because the District Court exercised plenary review, we will do the same.  Cf. id. (plain error review where plaintiff failed to object and Report and Recommendation "explicitly stated that failure to object 'may constitute a waiver of any appellate rights'").

Second, Smith's fraudulent inducement claim fails because he did not show that any of the Defendants knowingly made a materially false representation.[4] Smith alleges that Defendant Christopher Brennen falsely claimed that he was "not aware of any discrepancies in the boundaries between the legal description and the actual property" and that "the language in the [Sweden Valley,] LLC deed would control." But Smith can point to no record evidence that would suggest that Brennen *was* aware of any problems with the title,[5] nor any evidence that Brennen intended to mislead Smith by stating his belief about which deed language would control.

Third, Smith's Conspiracy to Commit Fraud claim fails because Smith can point to no record evidence showing that the previous owner of the property, and/or his attorney-in-fact, conspired with Brennen and Sweden Valley to defraud Smith.

For the foregoing reasons, and the reasons explained in the Report and Recommendation (which was adopted by the District Court), we will affirm the District Court's judgment.[6]

---

[4] Under Pennsylvania law, a claim of fraudulent inducement or misrepresentation requires: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 275 (3d Cir. 2010).

[5] Brennen notes in his brief here that "[t]here is no indication in the record that any question or issue was raised as to title during any of [various] ownerships spanning some 67 years." Brief of Appellees, Sweden Valley, LLC and Christopher Brennen, at 20.

[6] Smith spends most of his reply brief complaining that the Magistrate Judge lacked the

authority to decide his case. We discern no error in the procedure here. Under Rule 73.1(d) of the District Court's Local Rules of Civil Procedure, civil cases may automatically be assigned to a Magistrate Judge and a District Court Judge upon filing. When Magistrate Judge Blewitt retired, the case was temporarily assigned to Magistrate Judge Carlson, and then later reassigned to Magistrate Judge Saporito, who prepared the Report and Recommendation here. Magistrate Judge Saporito had the authority to prepare a Report and Recommendation as provided in 28 U.S.C. § 636(b)(1)(B). Further, even if there had been some issue with the manner in which Magistrate Judge Saporito was assigned to this case, Smith was not in any way prejudiced by the assignment, as District Court Judge Brann generously undertook a plenary review of the Report and Recommendation, despite the fact that Smith neglected to interpose any objections to the Report. See Nara v. Frank, 488 F.3d 187, 193 (3d Cir. 2007) (failure to object to Magistrate Judge's Report and Recommendations may result in waiver of right to appellate review).